Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 6345 | **DATE** | 9/7/2012 |
| **CASE TITLE** | Green et al. vs. Chase Bank USA, NA et al. | | |

**DOCKET ENTRY TEXT**

The motion of defendants Federal National Mortgage Association and Lender Business Process Services Inc. to dismiss amended complaint (#23) and the motion of defendants Chase Bank USA, N.A. and JPMorgan Chase Bank, N.A. to dismiss amended complaint (#26) are granted. The amended complaint is dismissed for lack of subject matter jurisdiction. Case dismissed with prejudice. Civil case terminated. See statement section of this order for details.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

After their original *pro se* complaint was dismissed with leave to amend on January 10, 2012 (dkt. #17), plaintiffs Allen D. Green, Clanthia Green and Pamela M. Green filed an amended complaint alleging one count of common law fraud against defendants Chase Bank USA, N.A. ("Chase Bank"), Chase Home Finance LLC, Federal National Mortgage Association ("Fannie Mae"), Seterus, Inc., and Mortgage Electronic Registration Systems, Inc. ("MERS").[1] In addition to alleging one count of fraud, the amended complaint also makes reference to the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 *et seq.*, and the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 *et seq.*, stating only that "Plaintiffs believe that there [sic] rights under the Truth in Lending Act have been violated" and "[a]ll defendants have caused fraudulent documents to be delivered via the internet, fax and/or US Mail which would bring up RICO Act violations." (Am. Compl. ¶¶ 8 & 20.)

Plaintiffs allege that they purchased real property located at 8752 South Troy Avenue in Evergreen Park, Illinois on August 7, 1998. The mortgage was sold and subsequently assigned multiple times before coming into the possession of Chase Bank, which then assigned it to MERS on October 30, 2010, as nominee for Freddie Mac and Seterus, Inc. Plaintiffs allege that the assignment from Chase Bank to MERS was signed by known robo signer Bryan Bly, as Vice President of Chase Bank, and notarized by Christopher Jones, a known robo notary. Plaintiffs refinanced their loan with Chase Bank on June 25, 2007 using an adjustable rate rider.

In relation to these assignments plaintiffs allege that "all of the defendants made false claims in the way of the Assignment of Mortgage against Plaintiffs property by misrepresentation," and "multiple Assignments were concealed from [plaintiffs] with the intent to foreclose." (Am. Compl. ¶¶ 10 & 12.) Defendants have moved to dismiss for lack subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim under Rule 12(b)(6). Because the court concludes that it lacks

jurisdiction under Rule 12(b)(1), it will not consider whether the complaint fails to state a claim. *See Ricketts* v. *Midwest Nat'l Bank*, 874 F.2d 1177, 1185–86 (7th Cir. 1989).

**Legal Standard**

Rule 12(b)(1) provides that a case will be dismissed if the court lacks the authority to hear and decide the dispute. Fed. R. Civ. P. 12(b)(1). If subject matter jurisdiction is not evident from the face of the complaint, the court analyzes the motion to dismiss under Rule 12(b)(1) as any other motion to dismiss. *United Phosphorous, Ltd.* v. *Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003) (*en banc*) *overruled on other grounds by Minn-Chem, Inc.* v. *Agrium Inc.*, 683 F.3d 845 (7th Cir. 2012). When presented with a facial challenge, "the court does not look beyond the allegations in the complaint, which are taken as true for purposes of the motion." *Apex Digital, Inc.* v. *Sears, Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009). Although *pro se* complaints are liberally construed, *Erickson* v. *Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007), plaintiffs bear the burden of establishing the basis for the court's jurisdiction. *United Phosphorous, Ltd.*, 322 F.3d at 946.

Rule 8(a) requires a complaint to contain "a short and plain statement of the grounds for the court's jurisdiction," and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1)–(2). The court possesses original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States, 28 U.S.C. § 1331, and civil actions where the matter in controversy exceeds the sum or value of $75,000 and complete diversity of citizenship exists between the parties. 28 U.S.C. § 1332; *see generally Smart* v. *Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802–03 (7th Cir. 2009).

**Analysis**

The amended complaint does not assert the basis for this court's jurisdiction. It is unclear, therefore, whether complete diversity of citizenship exists between the parties and whether the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. Without diversity of citizenship, a claim for common law fraud is a state law claim that cannot invoke the court's federal question jurisdiction. *See generally Gen. Elec. Credit Auto Lease, Inc.* v. *Jankuski*, 532 N.E.2d 361, 363, 177 Ill. App. 3d 380, 126 Ill. Dec. 676 (Ill. App. Ct. 1988) (discussing the elements of fraud under Illinois law).

The amended complaint makes reference to two federal statutes (TILA and RICO) which could serve as a basis for federal question jurisdiction under § 1331. Merely citing these statutes without pleading facts that would support each violation, however, "does not lift [plaintiffs'] purported claims above the level of being 'wholly insubstantial and frivolous.'" *Bryant* v. *Yellow Freight Sys.*, 989 F. Supp. 966, 969 (N.D. Ill. 1997) (quoting *Bell* v. *Hood*, 327 U.S. 678, 682–83, 66 S. Ct. 773, 90 L. Ed. 939 (1946)). In considering a similarly sparsely pleaded RICO claim, Judge Shadur aptly explained,

> although federal courts assuredly do have jurisdiction over civil RICO under 18 U.S.C. § 1964(c), that jurisdiction is not called into play by a litigant's mere thoughtless incantation of the RICO acronym. Even otherwise experienced practitioners know that RICO is fraught with arcane mysteries—and for a layman such as [plaintiff] to surmount its numerous hurdles is a daunting task. . . . [Plaintiff] has not even attempted to shape his generalized charges of purported misconduct on the part of the several defendants into the mold defined by RICO in 18 U.S.C. § 1964(c): Perhaps most importantly there is no hint of identification of any separate "person" and "enterprise" as that statute requires, nor does [plaintiff] set out in that respect the claimed RICO predicate acts and how they form a "pattern

| STATEMENT |
|---|

of racketeering activity" —and the list could go on.

*Id.* at 968–69. Here, as in *Bryant*, plaintiffs' passing reference to RICO is insufficient to invoke this court's federal question jurisdiction. *See generally id.* at App. (standing order setting forth the pleading requirements of a RICO claim); *Cocroft* v. *HSBC Bank USA, NA*, No. 10 CV 3408, 2011 WL 1630142, at * 1 (N.D. Ill. Apr. 27, 2011) ("Liability under RICO requires, among other things, a 'pattern of racketeering activity,' which in turn requires two or more predicate violations of criminal laws cited within the RICO statute." (citing 18 U.S.C. §§ 1964(c) & 1961(5))).

As for plaintiffs' TILA allegation, the amended complaint states only that "[plaintiffs' rights under [TILA] have been violated." (Am. Compl. ¶ 8.) "TILA was intended to ensure that consumers are given 'meaningful disclosure of credit terms' and to protect consumers from unfair credit practices." *Marr* v. *Bank of Am., N.A.*, 662 F.3d 963, 966 (7th Cir. 2011) (quoting 15 U.S.C. § 1601(a)). The Act requires creditors to provide certain financial disclosures, and failure to provide the required disclosures could give the borrower an extended right to rescind the transaction and/or the right to damages. *See Butler* v. *F.D.I.C.*, No. 11 C 6692, 2012 WL 1939109, at *2 (N.D. Ill. May 23, 2012); *Iroanyah* v. *Bank of Am., N.A.*, ----F. Supp. 2d---, 2012 WL 874329, at **2–3 (N.D. Ill. Mar. 14, 2012). The Home Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C. § 1639, was passed in 1994 as an amendment to TILA and establishes disclosure requirements and rules to govern "alternative mortgages" that require high rates or fees. *See Clark* v. *Fairbanks Capital Corp. of Ill.*, No. 00 C 7778, 2003 WL 21277126, at *2 (N.D. Ill. June 2, 2003). HOEPA applies only to second or subordinate residential mortgages with specified annual percentage rates or fees. *See* 15 U.S.C. § 1602(bb)(1); *Cunningham* v. *Equicredit Corp.*, 256 F. Supp. 2d 785, 792–93 (N.D. Ill. 2003).

The amended complaint is devoid of facts related to TILA and HOEPA's required disclosures including which disclosures were not provided and when. Indeed, it is unclear from the complaint which of plaintiffs' two loans are at issue. As with their RICO allegations, plaintiffs have not even attempted to shape their generalized charges of purported misconduct on the part of the several defendants into the mold defined by TILA. *See Bryant*, 989 F. Supp. 969; *see also Ricketts*, 874 F.2d at 1184 (affirming dismissal for lack of jurisdiction where complaint "allegations did not provide any facts, inferentially or otherwise, that would suggest that [plaintiff] had a colorable claim").[2] Defendants' motions to dismiss (#23 & #26) are granted. The case is terminated.

---

1. MERS was not named in the original complaint and has not been served or appeared in this case.

2. Even assuming *arguendo* that plaintiffs' TILA allegation is sufficient to invoke the court's jurisdiction, which it is not, a TILA claim is likely barred as untimely. TILA and HOEPA provide a one-year statute of limitations where damages are sought, 15 U.S.C. § 1640(e), and a three-year statute of limitations where rescission is sought, *id.* § 1635(f). *See Estate of Davis* v. *Wells Fargo Bank*, 633 F.3d 529, 532 (7th Cir. 2011); *Jenkins* v. *Mercantile Mortg. Co.*, 231 F. Supp. 2d 737, 745 (N.D. Ill. 2002). The limitations period begins to run when the loan is closed, which in this case was on or about August 7, 1998 and/or June 25, 2007. The complaint was filed on September 12, 2011, after both statutes of limitation on both loans had run.